## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

COZEN O'CONNOR
VINCENT R. McGUINNESS, ESQUIRE (VRM-5551)
Attorney for Plaintiff
1900 Market Street
Philadelphia, PA  19103
215-665-2097

------------------------------------------------

CONTINENTAL INSURANCE       :
COMPANY                     :     Civil Action No.: *107-cv – 03635 –(DC)(MHD)*
CNA Center                  :
333 S. Wabash               :     *ECF CASE DESIGNATED*
Chicago, Illinois  60685-0001 :
                            :
            Plaintiff       :     **COMPLAINT FOR DECLARATORY**
       v.                   :     **JUDGMENT  AND OTHER RELIEF**
                            :
                            :
ATLANTIC CASUALTY           :
INSURANCE COMPANY           :     **JURY TRIAL DEMANDED**
400 Commerce Court          :
Goldsboro, North Carolina  27534 :
                            :
            Defendant       :

------------------------------------------------

Plaintiff, CONTINENTAL INSURANCE COMPANY ("Continental"), by and through

its attorneys, Cozen O'Connor, complaining of defendant ATLANTIC CASUALTY

INSURANCE COMPANY ("Atlantic"), sets forth and alleges upon information and belief as

follows:

### THE PARTIES

1.      Plaintiff, Continental is a corporation organized and existing under the laws of the

State of South Carolina with a principal place of business located at CNA Center, 333 S.

Wabash, Chicago, Illinois  60685 which at all times material hereto was duly authorized to issue

insurance policies in the State of New York.

2.      Defendant, Atlantic Casualty Insurance Company ("Atlantic") is a corporation organized and existing under the laws of the State of North Carolina with a principal place of business located at 400 Commerce Court, Goldsboro, North Carolina  27534.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds $760,000.00, exclusive of post-judgment interest and costs.

4.      The subject of this action is a failure and refusal of defendant Atlantic to indemnify its policy holder for a fire loss that occurred in Pelham Manor, New York and within the Southern District of New York.

## FACTUAL ALLEGATIONS

5.      On or before May 2, 2004, defendant Atlantic issued to Wodraska Brothers, Inc. ("Wodraska") its policy of commercial general liability insurance no.  M082000008-1 effective May 2, 2004 to May 2, 2005.

6.      The aforesaid policy of insurance was in full force and effect on June 1, 2004.

7.      On or before June 1, 2004, Wodraska, a roofing contractor, was hired by Swallow to perform installation of roofing materials at the Swallow residence located at 1055 Pelhamdale Avenue, Pelham Manor, New York.

8.      On June 1, 2004, during installation of the roofing materials, a fire originated and caused substantial damage to the real and personal property of Swallow.

9.      The fire and damages sustained by Swallow were caused by the gross negligence, negligence, carelessness and negligent acts and omissions of Wodraska, its agents, servants and/or employees acting within the course and/or scope of their employment.

2

10.     As of June 1, 2004, and for some time prior thereto, plaintiff Continental provided property insurance coverage to Swallow.

11.     Pursuant to its contract of insurance, plaintiff Continental made payments to Swallow for the damage which they sustained as a result of the fire in amounts totaling in excess of $640,000.00.

12.     As a result of the aforesaid payments, and pursuant to the contract of insurance and operation of law, plaintiff became subrogated to the rights of Swallow, against all parties responsible for the occurrence of said damage.

13.     Plaintiff Continental commenced an action against Wodraska, in the United States District Court for the Southern District of New York, Civil Action No. 06-680 to recover for said property damage.  See Exhibit A.

14.     Prior to filing the Complaint, Continental contacted Wodraska's insurance carrier and provided them with a claim for the property damage.   A true and correct copy of the claim demand letter is attached hereto as Exhibit B.

15.     Defendant Atlantic responded to the claim notice by denying indemnity coverage and the duty to defend Wodraska.  A true and correct copy of the denial letter is attached hereto as Exhibit C.

16.     Wodraska did not answer the Complaint nor did it solicit any counsel after its insurer initially denied providing a defense.

17.     Plaintiff served Wodraska with a Notice of Entry of Default and Wodraska was aware that Atlantic had not tendered any defense.  See Exhibits D and E.

18.     Plaintiff filed for and obtained a Default Judgment against the defendant ordered by the Honorable Colleen McMahon on July 17, 2006 in the amount of $641,049.96, plus $122,055.89 interest and $590.00 in costs, for a total of $763,695.85.  See Exhibit F.

3

19.    Once the Default Judgment was entered, Wodraska's insurer, Atlantic reversed its decision with respect to its duty to defend.  See Exhibit G.

20.    Based on the timing of the reversal, it is clear that Atlantic was using the denial of coverage and defense to try and make Continental believe that it may not be financially worthwhile to pursue its claim as Wodraska was uninsured.

21.    Counsel named by Atlantic for Wodraska moved to have the Court vacate the Default Judgment.

22.    The Court denied the Motion on December 5, 2006 and this decision was not appealed.  See Exhibit H.

23.    Plaintiff is an assignee and beneficiary of the obligations of defendant under the aforesaid policy of comprehensive general liability insurance and are real parties in interest herein.

24.    The claims asserted by Continental against Wodraska in the aforesaid action filed in the United States District Court for the Southern District of New York were covered by the policy issued by Atlantic to Wodraska.

25.    Wodraska has satisfied all conditions precedent under the aforesaid policy.

26.    Wodraska placed Atlantic on notice of plaintiff's claims and tendered those claims to defendant for defense.

27.    Under the terms of the policy, defendant was obligated to defend Wodraska against plaintiff's claims and to indemnify Wodraska against plaintiff's claims, subject to policy limits.

28.    Although requested to do so, defendant has failed and refused and still refuses to indemnify Wodraska for plaintiff's claims against it.

4

WHEREFORE, plaintiff Continental Insurance Company demands a declaratory judgment finding that defendant was obligated to defend Wodraska against plaintiff's claims and to indemnify Wodraska against plaintiff's claims, subject to policy limits, and demands satisfaction by defendant of the Default Judgment in the amount of $763,695.85 together with interest and the costs of this action.

COZEN O'CONNOR

_____
Vincent R. McGuinness  (VRM-5551)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2097
Attorney for Plaintiff Continental Insurance Company

May 4th, 2007

5

A

COZEN O'CONNOR
VINCENT R. McGUINNESS, ESQUIRE (VRM-5551)
Attorney for Plaintiff
1900 Market Street
Philadelphia, PA 19103
215-665-2097

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CONTINENTAL INSURANCE COMPANY  :
as subrogee of Donald and Cecile Swallow :
CNA Center          :
333 S. Wabash         :
Chicago, Illinois  60685-0001    :
              :

        Plaintiff  :

 v.            :

WODRASKA BROTHERS, INC.   :
42 Pleasant Street        :
New Rochelle, New York  10801   :
              :
       Defendant :

------------------------------------------------------------

Civil Action No.:



JURY TRIAL DEMANDED

## COMPLAINT

    NOW COMES Plaintiff, Continental Insurance Company, (hereinafter "CIC"), by and through its undersigned counsel, and hereby demands judgment against defendant, Wodraska Brothers, Inc., (hereinafter "Wodraska"), and in support thereof avers as follows:

    1.  Plaintiff, Continental is a corporation organized and existing under the laws of the State of South Carolina with a principal place of business located at CNA Center, 333 S. Wabash, Chicago, Illinois  60685 which at all times material hereto was duly authorized to issue insurance policies in the State of New York.

    2.  Defendant, Wodraska is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 42 Pleasant Street, New Rochelle, New York  10801.

## JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Six Hundred Forty Thousand Dollars ($640,000.00) and there is diversity of citizenship between plaintiff and defendant.

4.    Venue in this action is in the Southern District of New York pursuant to 28 U.S.C. § 1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5.    Plaintiff's insured, Donald and Cecile Swallow ("Swallows") are adult individual who at all times relevant hereto owned the real and personal property at 1055 Pelhamdale Avenue, Pelham Manor, New York.

6.    Prior to June 1, 2004 CIC issued a policy of insurance to the Swallows, with a policy number US 198812476, which provided insurance coverage for the real and personal property located at 1055 Pelhamdale Avenue, Pelham Manor, New York (hereinafter "subject premises").

7.    At all times relevant to this complaint, Defendant Wodraska was in the business of providing roofing and sheet metal contracting services.

8.    Prior to June 1, 2004, Wodraska was contracted by the Swallows to install a rubber roof at the subject premises.

9.    While performing the installation, one Wodraska employee opened a can of flammable roofing adhesive while up on the roof and in close proximity to a second Wodraska employee.

10.    Simultaneously, the second Wodraska employee was using a torch to dry some "wet" spots on an already applied roof. The fumes from the flammable roofing adhesive were ignited by the torch and a fire occurred.

- 2 -

11.     The negligent actions of Wodraska resulted in significant and extensive damages to the insured's real and personal property as well as various extra expenses resulting from the emergency situation.

12.     The aforementioned fire and the resulting damages were caused by the opening of the flammable roofing adhesive in close proximity to the lit torch.

13.     Pursuant to the terms and conditions of the policy, CIC made payments to Swallow for the damages in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

14.     Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, CIC is subrogated to the rights of its insured.

## COUNT I

## NEGLIGENCE

15.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

16.     The flammable vapors from the roofing adhesive coming into contact with the lit torch, the fire of June 1, 2004 and the resulting damages sustained by the plaintiff's insureds were caused by the gross negligence, negligence, carelessness and negligent acts and omissions of the defendant, its agents, servants and/or employees acting within the scope and course of their employment.  Said gross negligence, negligence, carelessness and negligent acts and omissions included, without limitation, the following:

(a)     failing to ensure the safe and proper opening of the roofing adhesive;

(b)     failing to turn off the portable torch;

- 3 -

(c)     failing to properly and adequately perform, manage, supervise or inspect its work at the premises, including but not limited to the opening of the adhesive in close proximity to the lit torch creating a dangerous and hazardous conditions;

(d)     failing to hire proper and adequate employees, agents and/or contractors;

(e)     failing to perform its work at the premises in conformity with good practice, industry standards and due care;

(f)     failing to properly warn plaintiff's insured of the dangerous conditions at the premises which they knew, or should have known, existed at the premises and creating an unreasonable risk of harm to plaintiff insured's property;

(g)     causing or allowing materials to be used in a manner in which they could cause a fire; and

(h)     failing to properly and adequately perform its services, and/or complete the work;

17.     As a direct and proximate result of the aforesaid gross negligence, negligence, carelessness and negligent acts and omissions of the defendant, the aforementioned fire occurred causing substantial damage and destruction to Swallows property.

18.     Pursuant to the terms and conditions of the policy, CIC made payments to Swallow for the property damage in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT II

## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

19.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

20.    By agreeing to install the rubberized roof at the subject premises and perform related services and accepting payment for same, defendant expressly and/or impliedly warranted that work would be performed in a good and workmanlike manner.

21.    The defendant breached the aforesaid express and/or implied warranties by allowing the flammable adhesive to be opened in close proximity to the lit torch.

22.    As a direct and proximate result of the breach of the aforementioned warranties, the fire occurred, resulting in damage and destruction to Swallows property in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT

23.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

24.    The Swallows entered into a valid, enforceable contract with Defendant Wodraska for the installation of a rubberized roof.

25.    Defendant Wodraska breached its contract with Swallow in failing to ensure the safe and proper opening of the roofing adhesive; failing to turn off the portable torch; and in failing to properly and adequately perform, manage, supervise or inspect its work at the

- 5 -

premises in conformity with good practice, industry standards and due care; and was thereby in material breach of the contract.

      26.    As a direct and proximate result of the aforementioned material breaches of contract, severe and extensive damage and destruction to Swallows property was caused.

      WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

**COUNT IV**

**BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE**

      27.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

      28.    By agreeing to contract and/or perform the installation of the rubberized roof at the premises and accepting payment for same, defendant expressly and/or impliedly warranted that work would be performed in a good and workmanlike manner.

      29.    The defendant breached the aforesaid express and/or implied warranties by failing to recognize the dangerous conditions of opening the roofing adhesive in close proximity to the lit torch and inform Swallow of the same.

      30.    As a direct and proximate result of the breach of the aforementioned warranties, the flammable vapors from the roofing adhesive discharged and came into contact with the flame from the lit torch, resulting in a fire that caused severe and extensive damage and destruction to Swallows property.

      WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

- 6 -

Vincent R. McGuinness  (VRM-5551)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2097
Attorney for Plaintiff Continental Insurance Company

January 25, 2006





PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**Erick J. Kirker**
Direct Phone  215.665.2172
Direct Fax    215.701.2172
ekirker@cozen.com

November 18, 2004

**VIA FACSIMILE AND US MAIL**

Mr. David Archibald
AMERICAN CLAIMS SERVICE
P.O. Box 8010
Goldsboro, NC 27533

Re:    Atlantic Casualty Insured:      Wodraska Bros., Inc.
       Atlantic Casualty Claim No:    1085NY109206
       Our Insurer:                   Encompass Ins. Co.
       Encompass Insureds:            Donald and Cecile Swallow
       Date of Loss:                  6/1/04
       Loss Location:                 1055 Pelham Dale Rd., Pelham Manor, NY
       Claim No:                      P6173568
       Our File No:                   152495

Dear Mr. Archibald:

        Pursuant to our conversation of November 17, 2004, please find enclosed for your review a copy of the contract for the roofing work performed by your insured at the Swallow home. The date of the proposal is March 8, 2004, which was accepted on March 12, 2004. Please also find a copy of the Pelham Manor Fire Department report drafted by Chief Joseph Ruggiero.

        As discussed, this fire was caused by the negligence of your insured. Your insured had multiple employees at the Swallow home performing work. One of the employees negligently opened highly flammable roofing cement too close to another employee that was using a propane torch. Fumes from the roofing cement were ignited by the torch and the house was burned severely. At this point, a ballpark estimate for damages is close to $600,000.

        Once I have the final damage figures from my client, I will forward you all the damage support materials related to our demand.

Mr. David Archibald
November 18, 2004
Page 2

_____

      In our conversation, there was no other information that you requested from me.  If you need anything else, please contact me.

      I look forward to hearing from you with respect to your position.

                    Very truly yours,

                    COZEN O'CONNOR

                    By:    Erick J. Kirker

EJK/clb
Enclosures



# American Claims
## Service, Inc.

November 23, 2004

Erick J. Kirker
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

SUBJECT:    Policy #:        M082000008-1
            Claim #:        0185NY019206
            Insured:        Wodraska Bro., Inc.
            Claimant:       Encompass Insurance as subrogee of
                            Donald Swallow
            Date / Loss:    6/1/04

Dear Mr. Kirker:

American Claim Service is the authorized representative for Atlantic Casualty Insurance Company. Thank you for your letter November 18th. Please be advised we declined coverage to the insured due to an exclusionary endorsement in the policy.

We will be unable to respond to the claim either to defend or indemnify the insured.

If you have any questions or additional information you would like us to consider, do not hesitate to write or call us.

Sincerely yours,

David Archibald, AIC
Claims Examiner

_— called 12/1 for policy_



UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 06-CIV-680

CONTINENTAL INSURANCE COMPANY A/S/O DONALS AND CECILE SWALLOW

, Plaintiff(s)

- against -

WODRASKA BROTHERS, INC.

, Defendant(s)

| | |
|---|---|
| State of New York | ) |
| | ) SS.: |
| County of Westchester | ) |

### AFFIDAVIT OF SERVICE

John Axelrod being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 05/30/2006 at 12:40 PM at:

WODRASKA BROTHERS, INC.
42 PLEASANT STREET
NEW ROCHELLE NY 10801

Deponent served the:

IMPORTANT LEGAL NOTICE
MOTION FOR ENTRY OF DEFAULTED JUDGMENT
PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT
ORDER
EXHIBITS A, B, & C

on WODRASKA BROTHERS, INC.

a domestic and/or foreign corporation
by delivering thereat true copies to Jane Doe (refused Name)
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Managing Agent and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 53 HEIGHT: 5'6''    WEIGHT: 145    HAIR: BLONDE    RACE: WHITE    SEX: FEMALE

John Axelrod                    License #

SWORN TO BEFORE ME 6/6/06

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30, 2006

OUR DOC# 14181
Cozen O'Connor
45 Broadway
17th Floor
New York NY 10006
212-509-9400
152495

# AFFIDAVIT OF SERVICE

NEW YORK                                    UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE #:        06-CIV. 680

CONTINENTAL INSURANCE COMPANY

                                                    Plaintiff(s)/Petitioner(s)

                                    against

WODRASKA BROTHERS, INC.

                                                    Defendant(s)/Respondent(s)

State of NY
County of Albany        SS

Kerry Gunner        being duly sworn , deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the state of New York.

That on   6/6/06        at   10:30 AM

at the office of the Secretary of State of the State of New York in the City of Albany, NY,
deponent served the within

**IMPORTANT LEGAL NOTICE, MOTION FOR ENTRY OF DEFAULTED JUDGMENT, PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGEMENT, ORDER AND EXHIBITS**

upon:      WODRASKA BROTHERS, INC.

defendant/respondent in this action by delivering and leaving with   Carol Vogt
authorized agent in the office of the Secretary of State of the State of New York, 41 State Street, Albany, NY,  two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00.  That said service was made pursuant to section

**306 of the Business Corporation Law**

Deponent further says that the person so served was known as aforesaid to be an authorized agent in the office of the Secretary of State of The State of New York duly authorized to accept such service on behalf of said defendant/respondent.

Deponent further states that the person actually served is described as follows:

DESCRIPTION:

| Sex | Skin Color | Hair Color | Approx. Age | Approx. Ht | Approx. Wt. | Other: |
|-----|-----------|-----------|-------------|------------|-------------|--------|
| female | white | dark | 43 | 5'3" | 110 | |

Sworn to before me on:  6/6/2006

Notary Public                                    Kerry Gunner

Claudia M. Murphy          Laura D. Taylor            Jessica DeVoe
Notary Public, State of NY   Notary Public, State of NY   Notary Public, Stateof NY
No 01MU5016071            No 01TA6124525            No 01DE6042657
Qualified in Albany County   Qualified in Rensselaer CO   Qualified in Albany County
Commission expires 8/2/09    Commission expires 3/28/09   Commission Expires
                                                    5/30/06

E

# American Claims
## Service, Inc.

May 25, 2006

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**AND REGULAR U.S. MAIL**

Wodraska Bro., Inc.
42 Pleasant Street
New Rochelle, NY 10801

SUBJECT:    Policy #:        M082000008-1
            Claim #:         0185NY019206
            Insured:         Wodraska Bro., Inc.
            Claimant:        Encompass Insurance as subrogee of
                             Donald Swallow
            Date / Loss:     6/1/04

## DECLINATION OF COVERAGE

Dear Sir or Madam:

American Claim Service is the authorized representative for Atlantic Casualty Insurance Company. This acknowledges the receipt of correspondence from the law firm of Cozen & O'Connor.

This correspondence indicates they will effect a default judgment against you if you do not properly answer their summons and complaint. We encourage you to respond to this complaint.

As we have previously explained, the claim is for property damage as a result of a fire from a roofing project in which you were a participant. The roofing system was a new EDPM membrane roof with a heat application.

For the reasons stated herein, there is no coverage for the damages claimed. Your policy of commercial general liability insurance noted above was purchased from Atlantic Casualty Insurance Company with effective dates of May 2, 2004 to May 2, 2005. The policy contains limits of liability of $1,000,000 per occurrence and $1,000,000 aggregate.

The insuring agreement of your policy contains the following language:

*Coverage A - Bodily Injury and Property Damage Liability*

1.    *Insuring Agreement.*

> *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.*

Under Section IV, Commercial General Liability Conditions the policy reads:

*SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS*

*2. Duties In The Event Of Occurrence, Offense, Claim Or Suit*
   a. *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
   **(1)** *How, when and where the "occurrence" or offense took place;*
   **(2)** *The names and addresses of any injured persons and witnesses; and*
   **(3)** *The nature and location of any injury or damage arising out of the "occurrence" or offense.*
   b. *If a claim is made or "suit is brought against any insured, you must:*
   **(1)** *Immediately record the specifics of the claim or "suit" and the date received; and*
   **(2)** *Notify us as soon as practicable.*

*You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
   c. *You and any other involved insured must:*

   **(1)** *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
   **(2)** *Authorize us to obtain records and other information;*
   **(3)** *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
   **(4)** *Assist us, upon our request, in the enforcement of any right against any person or*
*organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

2

a. *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.*

Your policy contains the following additional endorsements, made a part of the policy at inception.

Form: AGL 009 (1/03) which reads:

### ROOFING LIMITATION ENDORSEMENT

*THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*We do not cover claims, loss, costs or expense due to property damage arising out of wind, hail, snow, rain, ice or any combination of these if a suitable temporary covering, able to withstand the normal elements has not been secured in place. This cover is to be put into place any time the contractor leaves the job site.*

*Further, we do not cover claims, loss, costs or expense arising out of bodily injury, personal injury or property damage as a result of any operations involving any hot tar, wand, torch or heat applications or membrane roofing.*

The policy defines certain words found in the language cited in the various sections of the policy as noted above. Please note the following:

"Occurrence" is defined as: *"...an accident, including continuous and repeated exposure to substantially the same general harmful conditions."*

"Property damage" is defined as:

> a. *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

> b. *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

According to our investigation into the loss, a flammable material became ignited by workers using a torch on the claimant's roof. The fire spread and caused serious damage to the structure. The exclusion cited above in the roofing limitation is applicable to this claim. In particular, Atlantic Casualty Insurance Company does not provide coverage for costs associated with damage to the

3

building or contents arising out of operations involving any hot tar, wand, torch or heat application or membrane roofing.

The conditions of the policy require that you report a loss as soon as practicable. To date, you have not reported the loss to Atlantic Casualty Insurance Company. Atlantic Casualty Insurance Company does not provide coverage for losses that you have failed to report as soon as practicable. Atlantic Casualty Insurance Company will be unable to indemnify or defend you for claims or litigation arising from this loss.

This statement of Atlantic Casualty Insurance Company's position is without prejudice to you or to Atlantic Casualty Insurance Company and it is based on information provided to date. Atlantic Casualty Insurance Company reserves its right to supplement this statement of its position with additional grounds for reserving its rights or denying coverage under its referenced policy should any such grounds appear hereafter. It is not intended to be, and should not be construed as, a waiver of any terms and conditions of the policy, or of Atlantic Casualty Insurance Company's rights there under, all of which continue in full force and effect.

Atlantic Casualty Insurance Company reserves the right to supplement this letter and advise further of any policy defenses that may be available to it, all such rights are specifically reserved.

Should you wish to take this matter up with New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York Insurance Department, at: 25 Beaver Street, New York, NY 1004; One Commercial Plaza. Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

If you have any questions or additional information you would like us to consider, do not hesitate to write or call us.

Sincerely yours,

Thomas E. Aichele, CPCU, ARM
Claims Manager


Cc    Erick J. Kirker
      Cozen O'Connor
      1900 Market Street
      Philadelphia, PA 19103-3508

4

CONTINENTAL INSURANCE COMPANY

Plaintiff(s)/Petitioner(s)

against

WODRASKA BROTHERS, INC.

Defendant(s)/Respondent(s)

State of NY

County of Albany    SS

Kerry Gunner    being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the state of New York.

That on   6/6/06    at   10:30 AM

at the office of the Secretary of State of the State of New York in the City of Albany, NY, deponent served the within

IMPORTANT LEGAL NOTICE, MOTION FOR ENTRY OF DEFAULTED JUDGMENT, PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGEMENT, ORDER AND EXHIBITS

upon:    WODRASKA BROTHERS, INC.

defendant/respondent in this action by delivering and leaving with   Carol Vogt
authorized agent in the office of the Secretary of State of the State of New York, 41 State Street, Albany, NY, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00. That said service was made pursuant to section

**306 of the Business Corporation Law**

Deponent further says that the person so served was known as aforesaid to be an authorized agent in the office of the Secretary of State of The State of New York duly authorized to accept such service on behalf of said defendant/respondent.

Deponent further states that the person actually served is described as follows:

DESCRIPTION:

| Sex | Skin Color | Hair Color | Approx. Age | Approx. Ht | Approx. Wt. | Other: |
|-----|-----------|-----------|-------------|-----------|-------------|--------|
| female | white | dark | 43 | 5'3" | 110 | |

Sworn to before me on:   6/6/2006

_____
Notary Public

_____
Kerry Gunner

Claudia M. Murphy
Notary Public, State of NY
No 01MU5016071
Qualified in Albany County
Commission expires 8/2/09

Laura D. Taylor
Notary Public, State of NY
No 01TA6124525
Qualified in Rensselaer CO
Commission expires 3/28/09

Jessica DeVoe
Notary Public, State of NY
No 01DE6042657
Qualified in Albany County
Commission Expires
5/30/06

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 06-CIV-680

CONTINENTAL INSURANCE COMPANY A/S/O DONALS AND CECILE SWALLOW

, Plaintiff(s)

- against -

WODRASKA BROTHERS, INC.

, Defendant(s)

| | |
|---|---|
| State of New York | ) |
| | ) SS.: |
| County of Westchester | ) |

### AFFIDAVIT OF SERVICE

John Axelrod being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 05/30/2006 at 12:40 PM at:

WODRASKA BROTHERS, INC.
42 PLEASANT STREET
NEW ROCHELLE NY 10801

Deponent served the:

IMPORTANT LEGAL NOTICE
MOTION FOR ENTRY OF DEFAULTED JUDGMENT
PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT
ORDER
EXHIBITS A, B, & C

on WODRASKA BROTHERS, INC.

a domestic and/or foreign corporation
by delivering thereat true copies to Jane Doe (refused Name)
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Managing Agent and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 53 HEIGHT: 5'6''   WEIGHT: 145    HAIR: BLONDE    RACE: WHITE    SEX: FEMALE

John Axelrod        License #

SWORN TO BEFORE ME 6/4/06

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30 2006

OUR DOC# 14181
Cozen O'Connor
45 Broadway
17th Floor
New York NY 10006
212-509-9400
152495

McMahon, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------

CONTINENTAL INSURANCE
COMPANY
a/s/o Donald and Cecile Swallow        :

              Plaintiff              :

        v.                           :

WODRASKA BROTHERS, INC.              :

              Defendant              :

------------------------------------------------

Civil Action No.:  06-Civ. 680
(CM)(LMS)

**DEFAULT JUDGMENT**

This action having commenced on January 27, 2006 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been personally served on the

defendant, Wodraska Brothers, Inc., on February 10, 2006 by serving true copies to Stephen

Wodraska, the managing agent authorized to accept service on behalf of defendant, and a proof

of service having been filed on March 10, 2006 and the defendant not having answered the

Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED:  That the plaintiff have judgment against

the defendant in the liquidated amount of $641,049.96 with interest at 9% from June 1, 2004

amounting to $122,055.89 plus costs and disbursements of this action in the amount of $590.00

amounting in all to $763,695.85.

White Plains, New York
Dated: ~~New York, New York~~
July 11, 2006

/s/ ORDERED

_____
U.S.D.J.

This document was entered on the docket
on _____.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CONTINENTAL INSURANCE COMPANY                    Civil Action No: 06-Civ. 680
a/s/o DONALD and CECILE SWALLOW                    (CM) (LMS)

                              Plaintiffs,

                                                      **NOTICE OF MOTION**

          -against-

WODRASKA BROTHERS, INC.

                              Defendant.
--------------------------------------------------------------X

          Defendant WODRASKA BROTHERS, INC., by its attorneys, WADE CLARK

MULCAHY, moves this Honorable Court to vacate the default judgment in the amount of

$641,049.96 against defendant, pursuant to Federal Rule of Civil Procedure 55(c) and 60(b).

Defendant respectfully represents that good cause exists for this motion as is more

particularly set forth herein.


Dated: New York, New York
          October 25, 2006



                                        WADE CLARK MULCAHY


                                        _____
                                        John M. Collins, (JC 8854)
                                        Attorneys for Defendants:
                                        WODRASKA BROTHERS INC.
                                        111 Broadway - 9th Floor
                                        New York, NY 10006
                                        (212) 267-1900
                                        Our File No.:  160.4763.3JC


TO: (See Affidavit attached)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CONTINENTAL INSURANCE COMPANY              Civil Action No: 06-Civ. 680
a/s/o DONALD and CECILE SWALLOW              (CM) (LMS)

                            Plaintiffs,

                                                         **DEFENDANT'S BRIEF IN**
            -against-                                    **SUPPORT OF PLAINTIFF'S**
                                                         **MOTION**
                                                         **TO VACATE DEFAULT**
WODRASKA BROTHERS, INC.                      **JUDGMENT**

                            Defendant.
-------------------------------------------------------------X

       Defendant WODRASKA BROTHERS, INC., by and through its attorneys WADE

CLARK MULCAHY, hereby submit this brief in support of its motion to vacate the default

judgment.

       1.     I am duly admitted to practice in the Southern District of New York and I am

a member of the law firm WADE CLARK MULCAHY, attorneys for the defendant,

WODRASKA BROTHERS, INC. (hereinafter 'WODRASKA"), in the above-entitled action,

and as such, I am fully familiar with the facts herein.

       2.     WODRASKA moves pursuant Federal Rules of Civil Procedure 55(c) and

60(b) to vacate the default judgment entered in this matter.

### Facts

       3.     Plaintiff's complaint, dated January 25, 2006, alleges three causes of action

against WODRASKA grounded in negligence, breach of express and/or implied warranties

and breach of contract.  According to this complaint, a fire occurred at the Swallow

residence, plaintiff's subrogor's home located in Pelham Manor, New York, on June 1, 2004.

As per this pleading, this fire was the alleged result of the work performed by WODRASKA. Attached, as **Exhibit "A"** is a copy of the plaintiff's complaint.

4.      This work performed by WODRASKA was done pursuant to contract. Notably this contract prescribed the soldering of the seams of new sixteen ounce wall flashings.  Given the nature of this work, the Swallows were required to carry fire insurance. Attached, as **Exhibit "B"** is a copy of this contract.

5.      As a consequence of this fire, according to **Exhibit "A",** plaintiff Continental Insurance Company paid $640,000 to the Swallows.  To recoup this money, Continental thereafter commenced this action by serving a summons and complaint upon Stephen Wodraska on February 13, 2006.  Attached, as **Exhibit "C"** is a copy of plaintiff's summons and purported affidavit of service.

6.      When defendant did not answer the complaint, plaintiff moved for and was granted a default judgment on or about July 14, 2006.  Attached, as **Exhibit "D"** is a copy of this Court's order.

## Law

7.      Federal Rules of Civil Procedure Rule 55(c) reads:

> **"Setting Aside Default**.  For good cause shown, the Court may set aside entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

8.      Federal Rules of Civil Procedure Rule 60(b) reads:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Write of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

9.    WODRASKA moves pursuant subdivision (1) mistake, inadvertence, surprise or excusable neglect. Under this subdivision, courts will consider three factors to determine whether to vacate a default judgment:

(1) whether the default was willful;

(2) whether defendant has a meritorious defense; and

(3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *Enron Oil Corp. v. Diakuhara, 10 F. 3d 90 (2 Cir. 1993); Davis v. Musler, 713 F. 2d 907,915 (2 Cir. 1983).*

In this case, defendant's failure to appear in this action is not willful. Upon receipt of the summons and complaint, WODRASKA forwarded these documents to its insurer, Atlantic Casualty Insurance Company. Atlantic initially declined coverage. WODRASKA argued with Atlantic over the basis of the declination and presumed a defense would be provided. Thus, this delay in appearing was not the result of any willful act on the

part of WODRASKA. *Brien v. Kullman, 71 F 3d 1073 (2 Cir. 1995); Meehan v. Snow, 652 F. 2d 274 (2 Cir. 1981); see also Latini v. R.M. Dubin Corp., 90 F. Supp 212 (ND. Ill 1950)*

WODRASKA has meritorious defenses to this case. As demonstrated by the contract between the Swallows and Wodraska, the contemplated work involved soldering seams to "new 16 oz wall flashings." By the very nature of this agreed-upon work, plaintiff's subrogors were required to carry fire insurance. Based upon this, it stands to reason that the underlying fire could easily resulted without any negligence on behalf of Wodraska. See *Pecarsky v. Galaxiworld.com Ltd. 249 F.3d 167 (2 Cir.2001).*

Moreover, in the alternative, the defendant contends the new EPDM membrane roof was applied using a cold bonding adhesive cement and was not installed with any kind of torch or heat application. To the extent this is contradicted by Pelham Manor Fire Department, the defendant was never interviewed or provided any input to the fire department officials.

The amount of the damages asserted by plaintiff can also be attacked by defendant. According to plaintiff, over $600,000 was paid for the alleged property damage. Defendant asserts this claim was mishandled by plaintiff. The damages allegedly sustained by the Swallows were not as substantial as now claimed by plaintiff. Proper investigation and a true accounting of the Swallow's underlying claim will reveal plaintiff overpaid.

A defense is meritorious if it is good at law so as to give the fact finder some determination to make. *State Street Bank and Trust Co. v. Inversiones 374 F. 3d 158 (2Cir.2004)* quoting *American Alliance Ins.Co. v. Eagle Insurance 92 F. 3d 57, at 67 (2 Cir. 1996).* Here, there can be no question, the enumerated defenses will give the fact-finder a determination to make.

Plaintiff cannot claim any prejudice by vacating this default judgment. Public policy favors resolving disputes on the merits. *Pecarsky, supra; American Alliance, supra.* Given the straightforward nature of its claims, the plaintiff will not suffer any harm by allowing defendant to answer and litigate this matter. A fire occurred while defendant installed a roof to plaintiff's subrogor's house. Discovery will allow each side to explore how this fire occurred and what actual damages were incurred. As this default judgment was only entered in July 2006 plaintiff cannot seriously claim any undue delay if this default judgment is vacated. Likewise, there is no impediment to the exchange of discovery. See, *Badian v. Brandaid Communications, Corp. wl 1933573 (SDNY 2004).*

The holding in *American Alliance Insurance Co., Ltd. v. Eagle Insurance Company, 92 F. 3d 57 (2 Cir. 1996),* is particularly instructive. In that case, plaintiff, American Alliance Insurance Co. (American) sought to enforce a declaratory judgment against defaulting party's insurer defendant Eagle Insurance Company (Eagle). Upon receipt of the summons and complaint, Eagle forwarded it to its attorneys. Eagle's attorneys mistakenly stored the pleading without answering it. These same attorneys later received two notices for court conferences but failed to appear. Only after the default judgment was entered against Eagle and its bank account frozen, did it finally move to vacate the default.

After the District Court denied Eagle's motion, the Court of Appeals reversed and vacated the default judgment. The Second Circuit determined Eagle's default was not willful in that it was not deliberate or in bad faith and occurred due to excusable neglect based upon an attorneys or litigant's error. The Court thereafter found Eagle had a meritorious defense.

This Court should likewise vacate the default judgment. Wodraska did not intentionally fail to appear but relied on its insurer to provide a defense. Wodraska forwarded the summons and complaint to Atlantic to assign counsel to appear. But for the delay by Atlantic in providing this defense, Wodraska would have appeared timely. Likewise, Wodraska has several meritorious defenses to challenge both liability and amount of damages as enumerated above.

WHEREFORE, the defendant respectfully requests that this court grant defendant's motion in all respects, vacating this default judgment and allowing this defendant to file an answer together with any other different relief that this court feels just and proper.

Dated: New York, New York
October 25, 2006

WADE CLARK MULCAHY

John M. Collins, (JC 8854)
Attorneys for Defendants:
WODRASKA BROTHERS INC.
111 Broadway - 9th Floor
New York, NY 10006
(212) 267-1900
Our File No.: 160.4763.3JC

TO: (See Affidavit attached)

"A"

COZEN O'CONNOR
VINCENT R. McGUINNESS, ESQUIRE (VRM-5551)
Attorney for Plaintiff
1900 Market Street
Philadelphia, PA 19103
215-665-2097

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CONTINENTAL INSURANCE COMPANY   :
as subrogee of Donald and Cecile Swallow   :
CNA Center   :
333 S. Wabash   :
Chicago, Illinois 60685-0001   :
  :
  Plaintiff   :
  :
  v.   :
  :
WODRASKA BROTHERS, INC.   :
42 Pleasant Street   :
New Rochelle, New York 10801   :
  :
  Defendant   :

------------------------------------------------------------

Civil Action No.:



JURY TRIAL DEMANDED

## COMPLAINT

    NOW COMES Plaintiff, Continental Insurance Company, (hereinafter "CIC"), by and through its undersigned counsel, and hereby demands judgment against defendant, Wodraska Brothers, Inc., (hereinafter "Wodraska"), and in support thereof avers as follows:

    1.    Plaintiff, Continental is a corporation organized and existing under the laws of the State of South Carolina with a principal place of business located at CNA Center, 333 S. Wabash, Chicago, Illinois 60685 which at all times material hereto was duly authorized to issue insurance policies in the State of New York.

    2.    Defendant, Wodraska is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 42 Pleasant Street, New Rochelle, New York 10801.

## JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Six Hundred Forty Thousand Dollars ($640,000.00) and there is diversity of citizenship between plaintiff and defendant.

4.     Venue in this action is in the Southern District of New York pursuant to 28 U.S.C. § 1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5.     Plaintiff's insured, Donald and Cecile Swallow ("Swallows") are adult individual who at all times relevant hereto owned the real and personal property at 1055 Pelhamdale Avenue, Pelham Manor, New York.

6.     Prior to June 1, 2004 CIC issued a policy of insurance to the Swallows, with a policy number US 198812476, which provided insurance coverage for the real and personal property located at 1055 Pelhamdale Avenue, Pelham Manor, New York (hereinafter "subject premises").

7.     At all times relevant to this complaint, Defendant Wodraska was in the business of providing roofing and sheet metal contracting services.

8.     Prior to June 1, 2004, Wodraska was contracted by the Swallows to install a rubber roof at the subject premises.

9.     While performing the installation, one Wodraska employee opened a can of flammable roofing adhesive while up on the roof and in close proximity to a second Wodraska employee.

10.     Simultaneously, the second Wodraska employee was using a torch to dry some "wet" spots on an already applied roof. The fumes from the flammable roofing adhesive were ignited by the torch and a fire occurred.

- 2 -

11.    The negligent actions of Wodraska resulted in significant and extensive damages to the insured's real and personal property as well as various extra expenses resulting from the emergency situation.

12.    The aforementioned fire and the resulting damages were caused by the opening of the flammable roofing adhesive in close proximity to the lit torch.

13.    Pursuant to the terms and conditions of the policy, CIC made payments to Swallow for the damages in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

14.    Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, CIC is subrogated to the rights of its insured.

## COUNT I

## NEGLIGENCE

15.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

16.    The flammable vapors from the roofing adhesive coming into contact with the lit torch, the fire of June 1, 2004 and the resulting damages sustained by the plaintiff's insureds were caused by the gross negligence, negligence, carelessness and negligent acts and omissions of the defendant, its agents, servants and/or employees acting within the scope and course of their employment. Said gross negligence, negligence, carelessness and negligent acts and omissions included, without limitation, the following:

(a)    failing to ensure the safe and proper opening of the roofing adhesive;

(b)    failing to turn off the portable torch;

- 3 -

05/22/2006 11:43 AM

(c)    failing to properly and adequately perform, manage, supervise or inspect its work at the premises, including but not limited to the opening of the adhesive in close proximity to the lit torch creating a dangerous and hazardous conditions;

(d)    failing to hire proper and adequate employees, agents and/or contractors;

(e)    failing to perform its work at the premises in conformity with good practice, industry standards and due care;

(f)    failing to properly warn plaintiff's insured of the dangerous conditions at the premises which they knew, or should have known, existed at the premises and creating an unreasonable risk of harm to plaintiff insured's property;

(g)    causing or allowing materials to be used in a manner in which they could cause a fire; and

(h)    failing to properly and adequately perform its services, and/or complete the work;

17.    As a direct and proximate result of the aforesaid gross negligence, negligence, carelessness and negligent acts and omissions of the defendant, the aforementioned fire occurred causing substantial damage and destruction to Swallows property.

18.    Pursuant to the terms and conditions of the policy, CIC made payments to Swallow for the property damage in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

- 4 -

## COUNT II

## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

19.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

20.     By agreeing to install the rubberized roof at the subject premises and perform related services and accepting payment for same, defendant expressly and/or impliedly warranted that work would be performed in a good and workmanlike manner.

21.     The defendant breached the aforesaid express and/or implied warranties by allowing the flammable adhesive to be opened in close proximity to the lit torch.

22.     As a direct and proximate result of the breach of the aforementioned warranties, the fire occurred, resulting in damage and destruction to Swallows property in excess of Six Hundred Forty Thousand Dollars ($640,000.00).

WHEREFORE, Plaintiff CIC demands judgment against the Defendant in excess of Six Hundred Forty Thousand Dollars ($640,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT

23.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

24.     The Swallows entered into a valid, enforceable contract with Defendant Wodraska for the installation of a rubberized roof.

25.     Defendant Wodraska breached its contract with Swallow in failing to ensure the safe and proper opening of the roofing adhesive; failing to turn off the portable torch; and in failing to properly and adequately perform, manage, supervise or inspect its work at the

Vincent R. McGuinness  (VRM-5551)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2097
Attorney for Plaintiff Continental Insurance Company

January 25, 2006

05/22/2006 11:43 AM

**"B"**

*Proposal*



## WODRASKA BROS., INC.
### ROOFING & SHEET METAL CONTRACTORS

42 PLEASANT STREET     NEW ROCHELLE, NEW YORK 10801     914-636-0100

| NAME: DON SWALLOW | DATE: MARCH 8, 2004 |
|---|---|
| STREET: 1055 PELHAMDALE AVE | JOB NAME: |
| CITY: PELHAM MANOR NY  10803 | STREET: |
| ATTENTION:        PHONE: 738-3914 | CITY: |

We hereby submit specifications and estimates for the following work:

**RIGHT SIDE FLAT ROOF**

APPLY A NEW EPDM MEMBRANE ROOF FULLY ADHERED IN BONDING ADHESIVE
OVER ENTIRE RIGHT SIDE LOWER ROOF.
EXTEND NEW EPDM ROOF UNDER STORM WINDOWS AT LEFT.

\* \* \* \*                                     $1,495.00

**OPTION-WALL FLASHING**

REMOVE WOOD SIDING SHINGLES ABOVE RIGHT SIDE FLAT ROOF WALL.
FABRICATE AND INSTALL NEW 16OZ WALL FLASHINGS.
SOLDER SEAMS THROUGHOUT.
RESHINGLE WALL USING NEW WOOD SIDING SHINGLES AS REQUIRED.

\* \* \* \*                                     $1,200.00

For the sum of *Two thousand six hundred and 95 dollars and 00/100*          dollars ($ 2,695.00 )

Terms: Full amount due upon completion unless otherwise specified.     **50% WHEN WORK COMMENCES.**
**50% WHEN ALL MATERIALS ARE INSTALLED.**

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs, will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire and other necessary insurance. Our workers are fully covered by Workmen's Compensation Insurance, Public Liability and Property Damage insurance. Sales tax not included if applicable.

Estimator: RONALD WODRASKA          Authorized Signature *Ronald Wodraska* VICE PRES

NOTE: This proposal may be withdrawn by us if not accepted within **30** days.

### Acceptance of Proposal

The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

**Accepted:**

Date *March 12 2004*

Signature *Donald Swallow*

Signature *Oscar M. Barcizar*

CUSTOMER ACKNOWLEDGMENT

"C"

AO 440 (Rev. 10/93) Summons in a Civil    DNY WEB 4/99

# United States District Court

_____ Southern _____ **DISTRICT OF** _New York_ _____

Continental Insurance Company
a/s/o Donald and Cecile Swallow

**SUMMONS IN A CIVIL CASE**

V.

Wodraska Brothers, Inc.

**CASE NUMBER:**

# 06 CV    680

TO: (Name and address of defendant)

Wodraska Brothers, Inc.
42 Pleasant Street
New Rochelle, New York  10801

**JUDGE CROTTY**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Vincent R. McGuinness
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

JAN 2 7 2006

DATE

5/22/2006 11:43 AM

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 06CV680

CONTINENTAL INSURANCE COMPANY a/s/o DONALD AND CECILE SWALLOW

, Plaintiff(s)

– against –

WODRASKA BROTHERS, INC

, Defendant(s)

State of New York    )
                   ) SS.:
County of Westchester  )

### AFFIDAVIT OF SERVICE

John Axelrod being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 02/10/2006 at 10:15 AM at:

        WODRASKA BROTHERS, INC
        42 PLEASANT STREET
        NEW ROCHELLE NY 10801

Deponent served the:

SUMMONS IN A CIVIL CASE
CIVIL COVER SHEET
INDIVIDUAL PRACTICES OF JUDGE PAUL A. CROTTY
INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE RONALD L. ELLIS
PLAINTIFF'S RULE 7.1 STATEMENT
TRANSFER ORDER

on WODRASKA BROTHERS, INC

a domestic and/or foreign corporation
by delivering thereat true copies to Stephen Wodraska
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Managing agent and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 68 HEIGHT: 5'11''   WEIGHT: 250      HAIR: GREY      RACE: WHITE      SEX: MALE
OTHER: Mustache and Beard

SWORN TO BEFORE ME 2/13/06

John Axelrod        License #

OUR DOC# 12710
Cozen O' Connor
1900 Market Street
Philadelphia PA 19103
215-665-2000
152495

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30 2006

05/22/2006 11:43 AM

**"D"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------

CONTINENTAL INSURANCE          :
COMPANY                                      :      Civil Action No.: 06-Civ. 680
a/s/o Donald and Cecile Swallow    :      (CM)(LMS)
                                                    :
             Plaintiff                        :
                                                    :
      v.                                          :      **DEFAULT JUDGMENT**
                                                    :
WODRASKA BROTHERS, INC.      :
                                                    :
             Defendant                      :

-------------------------------------------

This action having commenced on January 27, 2006 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been personally served on the

defendant, Wodraska Brothers, Inc., on February 10, 2006 by serving true copies to Stephen

Wodraska, the managing agent authorized to accept service on behalf of defendant, and a proof

of service having been filed on March 10, 2006 and the defendant not having answered the

Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED:  That the plaintiff have judgment against

the defendant in the liquidated amount of $641,049.96 with interest at 9% from June 1, 2004

amounting to $122,055.89 plus costs and disbursements of this action in the amount of $590.00

amounting in all to $763,695.85.

Dated: ~~New York, New York~~  White Plains, New York
          July 11, 2006

SO ORDERED

_____
U.S.D.J.

This document was entered on the docket
on _____.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK) ss:

Suzan Cherichetti being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on October 27, 2006 deponent served the within *Notice of Motion, Defendant's Brief In Support of Plaintiff's Motion to Vacate Default Judgment and Rule 7.1 Statement* upon the attorneys and parties listed below by United States prepaid mail:

TO:


ERICK J. KIRKER (EK2172)
*Attorney for Plaintiff*
COZEN O'CONNOR
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
(215) 665-2172



_____
Suzan Cherichetti

Sworn to before me this
27th day of October, 2006


JOHN M. COLLINS
Notary Public, State of New York
No. 02CO6077893
Qualified in Westchester County
Commission Expires July 22, 20__

*Civil Action No: 06-Civ. 680*                                                    *Year 2006*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

CONTINENTAL INSURANCE COMPANY
a/s/o DONALD and CECILE SWALLO

                              Plaintiffs,

    - against -

WODRASKA BROTHERS, INC.,

                              Defendant.

---

*NOTICE OF MOTION, DEFENDANT'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE DEFAULT JUDGMENT, AND RULE 7.1 STATEMENT*

---

# Wade Clark Mulcahy
*Attorneys for* WODRASKA BROTHERS, INC.
## 111 Broadway
## New York, N.Y. 10006
## (212) 267-1900

---

*To:*      \* \* \*

*Attorney(s) for*   \* \* \*

---

*Service of a copy of the within*  \* \* \*                    is hereby admitted.

*Dated:* \*\*\*

                    . . . . . . . . . . . . . . . . . . . . . . . .
                    *Attorney(s) for*   \* \* \*

---

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a \* \* \*
     entered in the office of the clerk of the within named Court on   \* \* \*

NOTICE OF
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to the Hon. \*\*\*
     one of the judges of the within named Court, at \*\*\*, on \*\*\*, at \*\*\*    .

NOTICE OF
SETTLEMENT

*Dated:*   \* \* \*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————— x

CONTINENTAL INSURANCE COMPANY,
a/s/o/ Donald and Cecile Swallow,

        Plaintiff,

      -against-                          06 Civ. 680 (CM)LMS)

WODRASKA BROTHERS, INC.,

        Defendant.

————————————————————————— x


MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN DEFAULT

McMahon, J.:

    Defendant, a roofing contractor, defaulted in this diversity case involving property damage in excess of $640,000. Defendant's insurer declined coverage initially and warned its client of the need to hire an attorney to appear in the action. Wodraska defaulted rather than hire counsel at its own expense. Eventually the insurer relented and agreed to defend the case. It now moves to reopen the default, on the ground that it was caused by "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

    Plaintiff opposes the motion, arguing that the default was willful and that defendant has not put in any evidence demonstrating that it has a meritorious defense.

    The decision whether to vacate a default judgment lies within the sound discretion of the court. S.E.C. v. McNulty, 137 F. 3d 732, 738 (2d Cir. 1998).

    Concerning the willfulness of the default, the evidence shows the following: the fire in question occurred on June 1, 2004. The Pelham Manor Fire Department concluded, after a two day investigation, that employees of Wodraska, the contractor working on the roof of the house, were responsible for starting the fire. (Pl. Brief Ex. E). The attorney for Continental (the insurer for the Swallows, whose home was damaged by the fire) tendered a demand to Wodraska's insurer for reimbursement of the cost of repairs on November 18, 2004. (Pl. Brief Ex. A). The insurer disclaimed coverage by letter dated November 23, 2004. (Pl. Brief Ex. B).

    Continental paid the loss and in its capacity as subrogee of the Swallows commenced this

action on January 27, 2006. Service was effected on Stephen Wodraska on February 20, 2006. Wodraska apparently tendered the complaint to his insurer. Coverage was again declined on May 25, 2006. (Pl. Brief Ex. D) In that declination of coverage, the claims agent advised Wodraska that Continental intended to obtain a default judgment if no response was received to the complaint and encouraged Wodraska to respond to the complaint.

Wodraska did not respond, even after receiving a notice of default judgment, which was served on it, pursuant to this court's rules, on June 14, 2006.[1] After waiting 30 days, as indicated in the notice, the court granted plaintiff's motion for a default judgment on July 17, 2006. Judgment was entered in the amount of $641,049.96, plus $122,055.89 in interest and $590.00 in costs.

After this judgment was entered, Wodraska's insurer did a volte face and assumed the defense of the action. The insurer moved to vacate the default, arguing mistake, inadvertence, surprise or excusable neglect.

The insurer does not identify any mistake, inadvertence or surprise. Nor does it identify any *excusable* neglect. All the insurer says is that Atlantic initially declined coverage and "presumed a defense would be provided." What the insurer does not say, but what the court infers, is that, when the insurer's "presumption" proved unfounded, the insurer thought better of its refusal to defend and stepped up to the plate. However, that does not constitute excusable neglect.

The allegedly "instructive" cases cited by the insurer are instructive only in that they demonstrate why the default should NOT be vacated in this instance. For example, in American Alliance Insurance Co. Ltd. v. Eagle Insurance Company, 92 F. 3d 57 (2d Cir. 1996), the failure to respond to the complaint was deemed "excusable" because an attorney mistakenly filed the complaint without answering it. Here there was no attorney error. The insurer took the consistent position, over a period of a year and a half, that there was no coverage for the incident. The insurer told its insured to tender its own defense. The insured, knowing that the insurer was not going to defend, did not hire a lawyer and respond to the complaint. That refusal was not accidental; rather, it represented a deliberate decision on Wodraska's part. It does not qualify as "mistake, inadvertence, surprise or excusable neglect." Nor does the insurer's decision to disclaim coverage qualify as "mistake, inadvertence, surprise or excusable neglect." Indeed, the insurer has not to this day identified any error in its original decision to disclaim coverage. The only "mistake" identified by the insurer was its assumption that Wodraska would hire a lawyer and mount a defense. That does not excuse the default.

The insurer also argues that Wodraska "did not intentionally fail to appear but relied on its insurer to provide a defense." (Moving Affidavit, last page). Unfortunately, Wodraska's

---

[1] The local rules of this court provide that no default judgment will be entered until the plaintiff serves a notice of default judgment on the defaulting party; the notice advises the defaulting party that judgment will be entered against him unless he responds to the complaint forthwith. Such a notice was served on Wodraska in this case.

purported reliance became unreasonable on May 25, 2006, when the insurer sent him a letter, stating that the insurer would not provide a defense. The insurer even told Wodraska that he had better put in a defense on his own. It is impossible to conclude that the default was not willful. It was clearly willful.

The application is similarly deficient in showing the existence of a meritorious defense. The insurer says that the fire could have resulted without any negligence by Wodraska because plaintiff's subrogors were required to carry fire insurance "by the very nature of the agreed-upon work." That argument is a complete non sequitur.

Movant's alternative argument is that the roof was not installed using any type of torch or heat application, so Wodraska employees were not responsible for the fire. The insurer recognizes that this theory is contradicted by the findings of the Pelham Manor Fire Department, so counsel asserts that those conclusions were reached without any input from defendant. However, Movant does not provide an affidavit from Mr. Wodraska attesting to the theory that heat was not used to install the roof, or that the Fire Department's report was prepared without input from Wodraska. Counsel is not competent to attest to the method used to install the roof (and if "the very nature of the agreed-upon work" compelled the homeowner to obtain fire insurance, it appears highly unlikely that non-flammable methods of installation were used). And the Pelham Manor Fire Department report (Pl. Brief Ex. E) specifically states that the roofing company owner as interviewed during the course of the Department's two day investigation. Without a sworn affidavit from Mr. Wodraska, there is no competent evidence contradicting the report. And the report's conclusion pulls the rug out from under the purported "meritorious defense."

Contrary to defendant's argument, vacatur of the default would substantially prejudice the plaintiff, which first demanded reimbursement for the loss from Wodraska's insurer in November 2004 and which has waited patiently for its money ever since. We are now two and one half years past the fire, and two years past the initial demand for reimbursement. Neither Wodraska nor its insurer has taken any steps to bring this matter to a close. Continental ought not be required to wait any longer.

Because the default was willful, because there has been no showing of any meritorious defense, and because Continental will be prejudiced by having to wait any longer for reimbursement, the motion to vacate the default judgment is denied.

The Clerk of the Court is directed to close the file in this matter.

Dated: December 5, 2006

_____
U.S.D.J.

**From:** NYSD_ECF_Pool@nysd.uscourts.gov [mailto:NYSD_ECF_Pool@nysd.uscourts.gov]
**Sent:** Friday, December 08, 2006 4:04 PM
**To:** deadmail@nysd.uscourts.gov
**Subject:** Activity in Case 7:06-cv-00680-CM Continental Insurance Company v. Wodraska Brothers, Inc. "Order on Motion for Default Judgment"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from jma, entered on 12/8/2006 at 4:03 PM EST and filed on 12/7/2006

**Case Name:**     Continental Insurance Company v. Wodraska Brothers, Inc.
**Case Number:**   7:06-cv-680
**Filer:**
**WARNING: CASE CLOSED on 07/18/2006**
**Document Number:** 15

**Docket Text:**
ORDER denying [13] Motion for Default Judgment.......Because the default was willful, because there has been no showing of any meritorious defense, and because Continental will be prejudiced by having to wait any longer for reimbursement, the motion to vacate the default judgment is denied. The Clerk of the Court is directed to close to file in this matter. (Signed by Judge Colleen McMahon on 12/05/2006) (jma, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=12/8/2006] [FileNumber=2876518-0 ] [6243b4ccacb3a6946776ebe5919a6294a5e05bb1e9011604d89ca806f43da651685

12/8/2006

37ad7209537e23fae9078470a9207fa30c8f716b7c8425446ecdcc04dd205]]

**7:06-cv-680 Notice will be electronically mailed to:**

John Malachy Collins     jcollins@wcmlaw.com,

Vincent Richard McGuinness , Jr     vmcguinness@cozen.com

**7:06-cv-680 Notice will be delivered by other means to:**

12/8/2006