UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
CONTINENTAL                                    :
INSURANCE COMPANY                              :
                                               :
             Plaintiff,                        :   Civil Action No. 07 CV 3635
                                               :
       v.                                      :   Honorable Denny Chin
                                               :
ATLANTIC CASUALTY                              :
INSURANCE COMPANY,                             :
                                               :
             Defendant.                        :
-----------------------------------------------------------

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S ANSWER TO THE COMPLAINT

Defendant Atlantic Casualty Insurance Company ("Defendant"), by and through its attorneys Nixon Peabody LLP, hereby responds to Plaintiff Continental Insurance Company's ("Plaintiff") Complaint for Declaratory Judgment and Other Relief (the "Complaint") upon information and belief as follows:

### THE PARTIES

1.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "1" of the Complaint.

2.  Defendant admits the allegations contained in Paragraph "2" of the Complaint.

### JURISDICTION AND VENUE

3.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Complaint and respectfully refers questions of law to the Court.

4.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "4" of the Complaint and respectfully refers questions of law to the Court.

## **FACTUAL ALLEGATIONS**

5.  Defendant denies the allegations contained in Paragraph "5" of the Complaint except admits that Atlantic Casualty issued insurance contract no. M082000008-1 to Wodraska Bro., Inc. ("Wodraska Brothers") with a policy period of May 2, 2004 to May 2, 2005 (the "Atlantic Casualty insurance contract") and respectfully refers the Court to the Atlantic Casualty insurance contract for its complete terms.

6.  Defendant denies the allegations contained in Paragraph "6" of the Complaint except admits that June 1, 2004 is within the Atlantic Casualty insurance contract policy period.

7.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of the Complaint.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "8" of the Complaint.

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "9" of the Complaint and respectfully refers questions of law to the Court.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "11" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "12" of the Complaint and respectfully refers questions of law to the Court.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "13" of the Complaint and respectfully refers the Court to Exhibit "A" to the Complaint for its complete terms.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Complaint and respectfully refers the Court to Exhibit "B" to the Complaint for its complete terms.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint except admits that Atlantic Casualty denied coverage to Wodraska Brothers and also informed Plaintiff's counsel Erick J. Kirker that Defendant declined coverage for the claim, and respectfully refers the Court to the letter and also to Exhibit "C" to the Complaint for their complete terms.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "17" of the Complaint and respectfully refers the Court to Exhibits "D" and "E" to the Complaint for their complete terms.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "18" of the Complaint and respectfully refers the Court to Exhibit "F" to the Complaint for its complete terms.

19. Defendant denies the allegations contained in Paragraph "19" of the Complaint, refers questions of law to the Court and respectfully refers the Court to Exhibit "G" to the Complaint for its complete terms.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in Paragraph "21" of the Complaint except admits that counsel hired by Defendant to represent Wodraska Brothers in the action referred to in paragraph 13 of the Complaint (the "underlying action") filed a motion to vacate the default judgment that had been entered against Wodraska Brothers in the underlying action and respectfully refers the Court to those documents.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "22" of the Complaint and respectfully refers the Court to Exhibit "H" to the Complaint for its complete terms.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23" of the Complaint, respectfully refers the Court to the document referred for its complete terms, and respectfully refers questions of law to the Court.

24. Defendant denies the allegations contained in Paragraph "24" of the Complaint, and respectfully refers questions of law to the Court.

25. Defendant denies the allegations contained in Paragraph "25" of the Complaint and respectfully refers questions of law to the Court.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint except admits that it was told of the underlying action and respectfully refers questions of law to the Court.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint, and respectfully refers questions of law to the Court.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint except admits that it denied coverage and has not paid Wodraska Brothers or Plaintiff the amount Plaintiff is claiming.

## DEFENSES

### FIRST DEFENSE

There is no coverage for the underlying action on grounds and to the extent that the claims are excluded under the terms, conditions, provisions, exclusions, and/or limitations of the Atlantic Casualty insurance contract, which are fully incorporated herein.

### SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### THIRD DEFENSE

There is no coverage for the underlying action on the ground that the Roofing Limitation Endorsement contained in the Atlantic Casualty insurance contract applies to bar coverage.

### FOURTH DEFENSE

There is no coverage for the underlying action on the grounds that Wodraska Brothers, Plaintiff or anyone failed to satisfy the conditions precedent to coverage, including, but not limited to, the requirement that Defendant be provided with adequate, proper and timely written notice of the alleged accident, occurrence, claim and/or suit.

### FIFTH DEFENSE

There is no coverage for the underlying action on grounds that Wodraska Brothers, Plaintiff or anyone failed to forward copies of any demands, notices, summonses or legal papers

received in connection with the underlying action or any claim relating to the underlying action, as required by the Atlantic Casualty insurance contract.

### SIXTH DEFENSE

There is no coverage for the underlying action on grounds that Wodraska Brothers, Plaintiff or anyone breached the conditions precedents to coverage including the requirements to cooperate.

### SEVENTH DEFENSE

There is no coverage for the underlying action to the extent that Wodraska Brothers, Plaintiff or anyone has incurred -- and seeks recovery from Defendant for -- pre-notice costs, expenses, and expenditures to, among other things, (1) investigate, respond to, and/or defend the underlying action; or (2) resolve the underlying action by settlement, compromise, and/or judgment.

### EIGHTH DEFENSE

There is no coverage for the underlying action to the extent that Wodraska Brothers, Plaintiff or anyone has breached the voluntary payments condition(s) and provision(s) of the Atlantic Casualty insurance contract, has incurred obligations, or has made certain payments (and/or permitted certain payments to be made) without the prior consent of Atlantic Casualty.

### NINTH DEFENSE

There is no coverage for the underlying action to the extent that there has been no covered "bodily injury" or "property damage" during the policy period caused by an "occurrence" within the meaning of the Atlantic Casualty insurance contract.

**TENTH DEFENSE**

There is no coverage for the underlying action on the ground that coverage is barred in whole or in part by Exclusion a. for expected or intended injury or damage contained in the Atlantic Casualty insurance contract.

**ELEVENTH DEFENSE**

There is no coverage for the underlying action to the extent that Wodraska Brothers, Plaintiff or anyone has co-insurance, other insurance, self-insurance, deductibles, collateral sources of money, or other contractual indemnitors for this loss, or to the extent the Atlantic Casualty insurance contract provides limited coverage or no coverage, or to the extent that the Atlantic Casualty insurance contract constitutes excess insurance.

**TWELFTH DEFENSE**

There is no coverage for the underlying action to the extent Wodraska Brothers, Plaintiff or anyone has failed to mitigate its damages and/or does not demonstrate reasonable damages and/or has taken certain actions or failed to take certain actions which has prejudiced Defendant.

**THIRTEENTH DEFENSE**

There is no coverage for the underlying action to the extent that the claims are barred by the applicable statute of limitations or by the doctrines of waiver, estoppel, res judicata, ratification, laches, and/or unclean hands.

**FOURTEENTH DEFENSE**

There is no coverage for the underlying action to the extent that the underlying action does not assert damages within the meaning of the Atlantic Casualty insurance contract, seeks injunctive, equitable or declaratory relief, or seeks recovery of sums or charges that are not reasonable.

## FIFTEENTH DEFENSE

Defendant reserves its right to assert additional defenses to this litigation. At this time, discovery has not taken place. Accordingly, Defendant expressly reserves the right to amend this Answer with additional defenses and grounds that may bar coverage as they are determined to exist.

**WHEREFORE**, Defendant, having responded to the Complaint, prays for judgment:

1. Dismissing the Complaint against Defendant with prejudice;

2. Awarding Defendant its attorneys' fees, costs and disbursements incurred in this action; and

3. Awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 1, 2007

By: _____
   Aidan M. McCormack (AMM 3017)
   Erik W. Drewniak  (EWD 7616)
   NIXON PEABODY LLP
   437 Madison Avenue
   New York, New York 10022
   Tel.: (212) 940-3000
   *Attorneys for Defendant*
   *Atlantic Casualty Insurance Company*

10655720.1