UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| CONTINENTAL<br>INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC CASUALTY<br>INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 07 CV 3635<br><br>Honorable Denny Chin<br><br>**NOTICE OF**<br>**<u>MOTION FOR CONTEMPT</u>** |

-----------------------------------------------------------

**PLEASE TAKE NOTICE** that, upon the accompanying Affirmation of Erik W. Drewniak, with exhibits, the Memorandum of Law in Support of Motion for Contempt Against Non-Party Wodraska Brothers, Inc. ("Motion for Contempt"), and upon all the pleadings and proceedings had heretofore herein, defendant Atlantic Casualty Insurance Company ("Atlantic Casualty") will move this Court on a date to be determined by the Court, for an Order pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, granting Atlantic Casualty's Motion for Contempt, and for such other and further relief as the Court may deem just and proper.

Dated: June 6, 2008

                                        Erik W. Drewniak, Esq. (ED7616)
                                        Nixon Peabody LLP
                                        Attorneys for Defendant Atlantic Casualty
                                          Insurance Company
                                        437 Madison Avenue
                                        New York, New York 10022
                                        (212) 940-3000

TO:    Erick J. Kirker, Esq.
          Cozen O'Connor
          1900 Market Street
          Philadelphia, Pennsylvania 19103
          *Attorneys for Plaintiff*

- 2 -

*Continental Insurance Company*

Wodraska Brothers, Inc.
42 Pleasant Street
New Rochelle, New York 10801

11043574.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY | : |
| Plaintiff, | : Civil Action No. 07 CV 3635 |
| v. | : Honorable Denny Chin |
| ATLANTIC CASUALTY INSURANCE COMPANY, | : **AFFIRMATION OF ERIK W. DREWNIAK IN SUPPORT OF** |
| Defendant. | : **MOTION FOR CONTEMPT** |

---

**ERIK W. DREWNIAK**, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am associated with the law firm Nixon Peabody LLP, attorneys for defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"). As such, I am fully familiar with the facts of this matter as set forth herein based upon my review of the file and representation of Atlantic Casualty.

2. This is a subrogation action in which plaintiff Continental Insurance Company ("Continental") seeks to recover from Atlantic Casualty amounts that it paid under a homeowners insurance policy for a claim for damages resulting from a fire at a residence. Continental had previously commenced an action (the "underlying action") against a roofing company, non-party Wodraska Brothers, Inc. ("Wodraska Brothers"), alleging that Wodraska Brothers' negligence in installing a roof on the residence caused the fire and the resulting damage. Continental obtained a default judgment against Wodraska Brothers in the underlying action. In the instant action, Continental seeks to recover the amount of that judgment from Atlantic Casualty under a liability insurance contract Atlantic Casualty had issued to Wodraska Brothers (the "Atlantic Casualty insurance contract").

11037947.1

3. On March 18, 2008, I issued a subpoena to Wodraska Brothers on behalf of Atlantic Casualty commanding Wodraska Brothers to appear at the offices of Nixon Peabody LLP, attorneys for Atlantic Casualty, on May 1, 2008, for the purpose of giving deposition testimony in this action. *See* Atlantic Casualty's March 18, 2008 subpoena, a copy of which is attached as Exhibit A hereto.

4. Upon information and belief, the subpoena and a $45 witness fee were personally served upon Wodraska Brothers on March 19, 2008 at approximately 2:32 p.m. *See* March 19, 2008 Affidavit of Service of Juan Roldan, a copy of which is attached as Exhibit B hereto.

5. On April 9, 2008 and April 10, 2008, my office telephoned Wodraska Brothers to inquire whether someone would be appearing on behalf of Wodraska Brothers for the May 1, 2008 deposition, but was unable to reach anyone at Wodraska Brothers who knew anything about the subpoena. Further, on April 10, 2008, I wrote a letter to Wodraska Brothers in an attempt to determine whether Wodraska Brothers would be appearing for the deposition and to offer to reschedule the deposition if May 1, 2008 was not convenient. A copy of my April 10, 2008 letter is attached as Exhibit C hereto.

6. On April 29, 2008, I telephoned the offices of Wodraska Brothers in a final attempt to determine whether someone would be appearing for the deposition on May 1, 2008. No one at Wodraska Brothers answered the telephone. Accordingly, I left a voicemail message reminding Wodraska Brothers of the subpoena and the May 1, 2008 deposition and requesting them to telephone me. No one on behalf of Wodraska Brothers ever telephoned or otherwise communicated with me in response to the subpoena, the telephone calls, or the

April 10, 2008 letter. Nor, upon information and belief, did Wodraska Brothers communicate with anyone else at Nixon Peabody LLP regarding this matter.

7. On May 1, 2008, at 10:00 a.m., I was present at the offices of Nixon Peabody LLP in New York, New York, for the purpose of taking the deposition of Wodraska Brothers. Also present at the deposition were a court reporter and Erick J. Kirker, counsel for plaintiff Continental. No one ever appeared on that date on behalf of Wodraska Brothers for its deposition.

8. No one from Wodraska Brothers ever contacted me after May 1, 2008, to inform me why no one appeared for the deposition or requested an adjournment or a change of the time or location of the deposition. Upon information and belief, nor was anyone else at Nixon Peabody contacted by Wodraska Brothers with respect to the deposition.

9. Atlantic Casualty believes that Wodraska Brothers has information relevant to this action that may prove helpful in determining the applicability to the underlying claim of a certain endorsement included in the Atlantic Casualty insurance contract and/or the viability of other defenses Atlantic Casualty has asserted in this action.

10. As a result of Wodraska Brother's failure to appear for the deposition, Atlantic Casualty's attempts to obtain evidence relating to its defenses have been thwarted. It is, therefore, respectfully requested that this Court order that Wodraska Brothers be held in contempt pursuant to Federal Rule of Civil Procedure 45(e) for its failure to appear at the deposition on May 1, 2008. It is further requested that this Court order Wodraska Brothers to appear for a deposition at the office of Nixon Peabody LLP on a date to be set by this Court, and that if Wodraska Brothers fails to appear on said date, that it be sanctioned for its

contempt in an amount not less than the actual costs incurred by Atlantic Casualty in its efforts to secure Wodraska Brothers' deposition.

WHEREFORE, defendant Atlantic Casualty Insurance Company requests that this Court issue an Order:

(1) holding Wodraska Brothers, Inc. in contempt of court for its failure to appear at the May 1, 2008 deposition;

(2) directing Wodraska Brothers, Inc. to appear before the Court immediately, or at such later time as the Court may direct, for its deposition;

(3) if Wodraska Brothers fails to appear for its deposition on the date ordered by the Court, sanctioning Wodraska Brothers for its contempt in an amount not less than the actual costs incurred by Atlantic Casualty in its efforts to secure Wodraska Brothers' deposition; and

(4) for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 6, 2008

ERIK W. DREWNIAK (ED 7616)

11037947.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

CONTINENTAL
INSURANCE COMPANY

    Plaintiff,

v.

ATLANTIC CASUALTY
INSURANCE COMPANY,

    Defendant.

-------------------------------------------------

Civil Action No. 07 CV 3635

Honorable Denny Chin

State of New York  )
                      ) ss.:
County of New York  )

      SVETLANA LITVINKO, being duly sworn, deposes and says:

      1. I am not a party to this action and I am over 18 years of age.

      2. I am employed by the law firm of Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022, attorneys for defendant Atlantic Casualty Insurance Company ("Atlantic Casualty").

      3. On June 6, 2008 I served true copies of defendant Atlantic Casualty Insurance Company's ("Atlantic Casualty") Notice of Motion for Contempt Against Non-Party Wodraska Brothers, Inc., Affirmation of Erik W. Drewniak, with exhibits, and Memorandum of Law in Support by electronically filing the foregoing documents with the Clerk of the Court using the CM/ECF system, which notifies the following:

    Erick J. Kirker, Esq.
    Cozen O'Connor
    1900 Market Street
    Philadelphia, Pennsylvania 19103
    *Attorneys for Plaintiff*
      *Continental Insurance Company*

      4. On June 6, 2008 I also served true copies of Atlantic Casualty's Notice of Motion for Contempt Against Non-Party Wodraska Brothers, Inc., Affirmation of Erik W. Drewniak,

with exhibits, and Memorandum of Law in Support by causing said copies to be deposited in a postage-paid, sealed envelope in a depository under the exclusive care and custody of the United States Postal Service within the City and State of New York addressed to:

>   Wodraska Brothers, Inc.
>   42 Pleasant Street
>   New Rochelle, New York 10801

_____
SVETLANA LITVINKO

Sworn to before me this
6th day of June, 2008

_____
Notary Public

ERIK WAYNE DREWNIAK
NOTARY PUBLIC, STATE OF NEW YORK
No. 02DR6063798
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES SEPT 10, 2009

11044479.1

2