**EXHIBIT "A"**

Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SUBPOENA IN A CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONTINENTAL
INSURANCE COMPANY

    Plaintiff,

v.

ATLANTIC CASUALTY
INSURANCE COMPANY,

    Defendant.

Case Number:[1]   07 CV 3635

TO:  Wodraska Brothers, Inc.
      42 Pleasant Street
      New Rochelle, New York 10801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

XX YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case with respect to the topics listed on Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>437 Madison Avenue, New York, New York 10022 | May 1, 2008 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

---

[1] If action is pending in district other than district of issuance, state district under case number.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | March 18, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Erik W. Drewniak, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
(212) 940-3000
**Attorneys for Defendant Atlantic Casualty Insurance Company**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

|  | PROOF OF SERVICE |  |
|---|---|---|
| DATE |  | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to product and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who his not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial to be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting form the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## **DEFINITIONS**

1. "You," "your" and "yourself" refer to Wodraska Brothers, Inc. and any of its agents, representatives, officers, directors, affiliates, predecessors-in-interest, successors-in-interest, parents, divisions, subsidiaries, area and regional offices, subgroups assignees, trustees, consultants, all representatives and other persons acting on their behalf, and their present and former officers, directors, servants and employees, including persons or entities outside of the United States.

2. "Communication" means any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

3. "Representative" or "representatives" used with reference to a person means (a) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel or any agent of such persons, and (b) any other persons acting on behalf of, or in concert with, such persons, including, without limitation, insurance brokers or agents, auditors, actuaries, and consultants of any type.

4. The "Swallows" means Donald Swallow and Cecile Swallow, owners of real and personal property located at 1055 Pelhamdale Avenue, Pelham Manor, New York, as of June 1, 2004.

5. "Underlying Action" means, without limitation, the action referenced in Plaintiff's Complaint herein entitled *Continental Insurance Company as subrogee of Donald and Cecile Swallow v. Wodraska Brothers, Inc.*, Civil Action No. 06 CV 680, United States District Court for the Southern District of New York.

6. "The Project" or "Project" means the installation of roofing materials by you at 1055 Pelhamdale Avenue, Pelham Manor, New York, on or about June 1, 2004, which is the subject of the Underlying Action.

7. "The Damage" or "Damage" means, without limitation, the damage to the personal and real property of Donald Swallow and Cecile Swallow at 1055 Pelhamdale Avenue, Pelham Manor, New York, that allegedly occurred on or about June 1, 2004.

8. "The Incident" means, without limitation, the fire that occurred at 1055 Pelhamdale Avenue, Pelham Manor, New York, on June 1, 2004.

9. "Underlying Claim" means any allegation of liability asserted against you or request for money or other relief made to you arising out of the Incident and the Damage.

10. "Any" means any and all.

## TOPICS

1. The Project.

2. Your work on the Project.

3. Any contract that you entered into with the Swallows with respect to the Project.

4. The roofing technique(s) and materials utilized on the Project.

5. The Incident.

6. The Damage.

7. Any investigation conducted by you or on your behalf with respect to the Incident and the Damage.

8. All communications between you and the Swallows regarding the Project, the Incident, the Damage, and the Underlying Claim.

9. All communications between you and American Claims Service, Inc. regarding the Project, the Incident, the Damage, the Underlying Claim, and the Underlying Action.

10. All communications between you and Continental Insurance Company regarding the Project, the Incident, the Damage, the Underlying Claim, and the Underlying Action.

- 3 -

      11.    All communications between you and Keep Insurance Agency regarding the Project, the Incident, the Damage, the Underlying Claim, and the Underlying Action.

      12.    All communications between you and Cowles & Connell, Inc. regarding the Project, the Incident, the Damage, the Underlying Claim, and the Underlying Action.

      13.    All communications between you and the Pelham Manor Fire Department regarding the Project, the Incident, the Damage, and the Underlying Claim.

      14.    All communications between you and Atlantic Casualty Insurance Company regarding the Project, the Incident, the Damage, the Underlying Claim, and the Underlying Action.

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CONTINENTAL INSURANCE COMPANY,

                            Plaintiff,

   -against-

ATLANTIC CASUALTY INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------X

Case No. 2007 CV 3635

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK       )
                                 ) ss.:
COUNTY OF NEW YORK   )

    **JUAN ROLDAN**, being duly sworn, deposes and says:

1.    That I am not a party to this action, am over eighteen years of age and resides in the State of New Jersey;

2.    That on <u>March 19, 2008</u>, at approximately <u>2:32 p.m.</u>, I served a true and correct copy of the **SUBPOENA IN A CIVIL CASE, Returnable May 01, 2008, along with Exhibit "A" and a Forty Five Dollar Witness Fee Check**, all upon **WODRASKA BROTHERS, INC.,** by Personal Service, via Ms. "Jane Doe" who refused to provide her full name but did identify herself as an "employee" as well as being authorized, as Agent to accept service on behalf of Wodraska Brothers, Inc., which service was effected at the actual place of business indicated below:

                WODRASKA BROTHERS, INC.
                42 Pleasant Street / 1st Floor
                New Rochelle, New York 10801

3.    **Ms. "Jane Doe"** can best be described as:

Female – White skin – Dirty Blonde hair – Approximately 44 – 54 years of age, 5'7" – 5'11" and 125 - 155 lbs.

Dated: March 19, 2008
       New York, New York

                                                                                     JUAN ROLDAN
                                                                                     License No.: 0983113

Sworn to before me on this the 19th day of March 2008.

_____
     NOTARY PUBLIC
                        HOLLY ROLDAN
             Notary Public, State of New York
                  No. 01RO6125752
             Qualified in New York County
         Commission Expires April 20, 20__

RAPID & RELIABLE ATTORNEY SERVICE, INC.
-A FULL-SERVICE LITIGATION SUPPORT CORPORATION-

POST OFFICE BOX 858
NEW YORK, NEW YORK 10268
212-608-1555

*"We've built our reputation on your satisfaction"*

**EXHIBIT "C"**

# NIXON PEABODY LLP

437 Madison Avenue
New York, NY 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Erik W. Drewniak
Direct Dial: (212) 940-3755
E-Mail: edrewniak@nixonpeabody.com

April 10, 2008

**Via Certified Mail, Return Receipt Required**

Wodraska Brothers, Inc.
42 Pleasant Street
New Rochelle, New York 10801

> Re: *Continental Insurance Company v. Atlantic Casualty Insurance Company*, Case No. 07 CV 3635, United States District Court, Southern District of New York

Dear Sir or Madam:

    We represent defendant Atlantic Casualty Insurance Company ("Atlantic Casualty") in the above matter. I am writing with respect to a Subpoena that was served on Wodraska Brothers, Inc. ("Wodraska Brothers") on or about March 19, 2008 with respect to this matter. An additional copy of the Subpoena is enclosed for your convenience. Pursuant to the Subpoena, a representative of Wodraska Brothers is required to appear for a deposition on May 1, 2008 at the offices of Nixon Peabody LLP, located at 437 Madison Avenue, New York, New York.

    We have attempted to contact you to confirm that a representative of Wodraska Brothers would appear for the deposition on May 1, 2008. Specifically, we telephoned your office on April 9, 2008 and April 10, 2008. To date, no one from Wodraska brothers has acknowledged the Subpoena and confirmed that someone from the company will appear for a deposition in this matter. As I noted in the voicemail I left on April 10, 2008, we will work with you to schedule the deposition for another date if May 1 is not convenient. We emphasize, however, that Wodraska Brothers is obligated under the law to appear for a deposition in this matter. If Wodraska Brothers fails to appear for a deposition, we will pursue all necessary legal remedies, including bringing this issue before the judge in the captioned matter.

Wodraska Brothers, Inc.
April 10, 2008
Page 2

    Accordingly, please contact me at 212-940-3755 so we can schedule a convenient date for the deposition.

Very truly yours,

Erik W. Drewniak

Enclosure

10977323.1

NIXON PEABODY LLP