UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- v -<br><br>ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 07 CV 3635<br><br>Honorable Denny Chin |

**DEFENDANT ATLANTIC CASUALTY'S INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONTEMPT AGAINST NON-PARTY WODRASKA BROTHERS, INC.**

Of Counsel:
Erik W. Drewniak

## PRELIMINARY STATEMENT

Even though it was served with defendant Atlantic Casualty Insurance Company's ("Atlantic Casualty") subpoena, non-party Wodraska Brothers Inc. ("Wodraska Brothers") failed to appear for its deposition or contact counsel for Atlantic Casualty to reschedule or otherwise discuss the deposition. As a result of Wodraska Brother's failure to comply with the valid subpoena, Atlantic Casualty has been unable to gather evidence that may support the defenses that it has asserted in this subrogation action. Accordingly, the Court should hold Wodraska Brothers in contempt pursuant to Federal Rules of Civil Procedure 45(e) and order that Wodraska Brothers appear for its deposition on a date to be set by the Court. Further, the Court should order that if Wodraska Brothers fails to appear, it must reimburse Atlantic Casualty for the costs it has incurred in its efforts to compel Wodraska Brother's appearance.

## STATEMENT OF FACTS

### A.  Factual Background

This is a subrogation action in which plaintiff Continental Insurance Company ("Continental") seeks to recover from Atlantic Casualty amounts that it paid under a homeowners insurance policy for a claim for damages resulting from a fire at its insured's residence. Continental had previously commenced an action (the "underlying action") against a roofing company, Wodraska Brothers, Inc. ("Wodraska Brothers"), claiming that Wodraska Brothers' negligence in installing a roof on the residence caused the fire and the resulting damage. *See* Affirmation of Erik W. Drewniak (the "Drewniak Affirmation") at ¶ 2. Continental obtained a default judgment against Wodraska Brothers in the underlying action. In this action, Continental seeks to recover the amount it paid from Atlantic Casualty under a liability insurance contract Atlantic Casualty had issued to Wodraska Brothers (the "Atlantic Casualty insurance contract"). *Id.*

**B.     Atlantic Casualty's Subpoena to Wodraska Brothers**

On March 18, 2008, Atlantic Casualty issued a subpoena to Wodraska Brothers on behalf of Atlantic Casualty commanding Wodraska Brothers to appear at the offices of Nixon Peabody LLP, attorneys for Atlantic Casualty, on May 1, 2008, for the purpose of giving deposition testimony in this action. *See* Drewniak Affirmation, Ex. A. The subpoena and a $45 witness fee were personally served upon Wodraska Brothers on March 19, 2008. *See* Drewniak Affirmation, Ex. B.

On April 9, 2008 and April 10, 2008, counsel for Atlantic Casualty telephoned Wodraska Brothers to inquire whether someone would be appearing on behalf of Wodraska Brothers for the May 1, 2008 deposition. *See* Drewniak Affirmation at ¶ 5. Counsel was unable to reach anyone at Wodraska Brothers who knew anything about the subpoena. *Id.* On April 10, 2008, Erik W. Drewniak, counsel for Atlantic Casualty, wrote a letter to Wodraska Brothers in an attempt to determine whether Wodraska Brothers would be appearing for the deposition and to offer to reschedule the deposition if May 1, 2008 was not convenient. *See* Drewniak Affirmation, ¶ 5; Ex. C.

On April 29, 2008, counsel for Atlantic Casualty telephoned the offices of Wodraska Brothers in a final attempt to determine whether someone would be appearing for the deposition on May 1, 2008. *See* Drewniak Affirmation at ¶ 6. No one answered the telephone. *Id.* Accordingly, counsel left a voicemail message reminding Wodraska Brothers of the subpoena and the May 1, 2008 deposition and requesting them to telephone him. *Id.* No one on behalf of Wodraska Brothers ever telephoned or otherwise communicated with counsel for Atlantic Casualty with respect to the subpoena or the deposition. *Id.*

### C.     Wodraska Brothers' Failure to Appear for Its Deposition

On May 1, 2008, at 10:00 a.m., counsel for Atlantic Casualty was present at counsel's New York, New York office for the purpose of taking the deposition of Wodraska Brothers. *See* Drewniak Affirmation at ¶ 7. Also present at the deposition were a court reporter and Erick J. Kirker, counsel for plaintiff Continental. *Id.* No one from Wodraska Brothers ever appeared at counsel's office on that date for a deposition. *Id.* Further, no one ever contacted counsel for Atlantic Casualty on behalf of Wodraska Brothers to inform counsel why no one appeared for the deposition or requested an adjournment or a change of the time or location of the deposition. *See* Drewniak Affirmation at ¶ 8.

### ARGUMENT

### WODRASKA BROTHERS SHOULD BE HELD IN CONTEMPT AND ORDERED TO APPEAR FOR A DEPOSITION BASED ON ITS FAILURE TO COMPLY WITH ATLANTIC CASUALTY'S SUBPOENA

This Court should hold Wodraska Brothers in contempt for its failure either to appear for its deposition or to contact Atlantic Casualty's counsel with respect to the valid subpoena that Atlantic Casualty caused to be served on it. Federal Rules of Civil Procedures 45(e) states as follows:

> **(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A non-party's failure to obey must be excused if the subpoena purports to require the non-party to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).
> F.R.C.P. 45(e)

Federal Rules of Civil Procedures 45(c)(3)(A)(ii) states in pertinent part as follows:

> (A)   When Required. On timely motion, the issuing court must quash or modify a subpoena that;
>
> * * *

> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held...
> 
> F.R.C.P. 45(c)(3)(A)(ii).

On March 19, 2008, Wodraska Brothers was personally served with Atlantic Casualty's subpoena ordering it to appear for a deposition on May 1, 2008. Counsel for Atlantic Casualty made several attempts to contact Wodraska Brothers by telephone and in writing prior to the deposition to confirm that someone from Wodraska Brothers would appear for the deposition or, if necessary, to reschedule the deposition. Notwithstanding those attempts, no one contacted counsel for Atlantic Casualty on behalf of Wodraska Brothers. Further, no one from Wodraska Brothers appeared on May 1, 2008 for the deposition.

Rule 45(e) empowers the Court to hold in contempt a non-party that has failed to object to a subpoena and has failed to comply. *See PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (holding a non-party that neither objected to subpoena nor complied in civil contempt); *MCI Telecommunications Corp. v. World Telecommunications Inc.*, 1998 U.S. Dist. LEXIS 2092 at *3, n. 1 (Feb. 24, 1998 S.D.N.Y.) (noting that the Court has the power under Rule 45(e) to hold any person in contempt for failing to comply with a subpoena). Pursuant to Rule 45(e), the Court may also order the non-party to appear for a deposition. *See First Indem. of America Ins. Co. v. Shinas*, 2005 U.S. Dist. LEXIS 35860, at *12 (Dec. 22, 2005 S.D.N.Y.) (stating that the Court has the power to issue a contempt order and order a non-party to appear for a deposition based on its failure to comply with a subpoena).

Here, notwithstanding having been served with a valid subpoena, Wodraska Brothers failed to appear for its deposition on May 1, 2008. Further, despite several attempts by Atlantic

Casualty's counsel to contact Wodraska Brothers prior to the date of the deposition, no one ever contacted counsel on Wodraska Brother's behalf to discuss the subpoena or to reschedule the deposition. Nor has Wodraska Brothers ever provided any excuse or reason for its failure to appear on May 1, 2008. Rule 45(c)(3)(A)(ii) has no applicability here because Wodraska Brothers' place of business is in New Rochelle, New York, which is less than 100 miles from counsel's offices in New York, New York. Based on Wodraska Brother's flagrant, unexcused failure and refusal to comply with Atlantic Casualty's subpoena, it should be held in contempt and required to appear for a deposition at a date to be set by the court. Further, if it again fails to appear, the Court should order Wodraska Brothers to reimburse Atlantic Casualty for the costs Atlantic Casualty has incurred in its efforts to take the deposition of Wodraska Brothers.

**WHEREFORE**, defendant Atlantic Casualty Insurance Company requests that the Court issue an Order:

(1) holding Wodraska Brothers, Inc. in contempt of court for its failure to appear at the May 1, 2008 deposition;

(2) directing Wodraska Brothers, Inc. to appear before the Court immediately, or at such later time as the Court may direct, for its deposition;

(3) sanctioning Wodraska Brothers for its contempt in an amount not less than the actual costs incurred by Atlantic Casualty in its efforts to secure Wodraska Brothers' deposition if it fails to appear for the deposition on the date ordered by the Court; and

(4) for such other and further relief as this Court may deem just and proper.

Dated: June 6, 2008

Respectfully submitted,

**NIXON PEABODY LLP**

_____
ERIK W. DREWNIAK (ED 7616)
437 Madison Avenue
New York, New York 10022
Telephone:   (212) 940-3000
Fax:              (212) 940-3111

*Attorneys for Defendant Atlantic Casualty Insurance Company*

TO:   Erick J. Kirker, Esq.
       Cozen O'Connor
       1900 Market Street
       Philadelphia, Pennsylvania 19103
       *Attorneys for Plaintiff
       Continental Insurance Company*

       Wodraska Brothers, Inc.
       42 Pleasant Street
       New Rochelle, New York 10801

11038114.1