```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
CONTINENTAL INSURANCE COMPANY,      :

                Plaintiff,          :     MEMORANDUM & ORDER

        - against -                 :     07 Civ. 3635 (DC)

ATLANTIC CASUALTY                   :
INSURANCE COMPANY,
                                    :
                Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

**CHIN, District Judge**

  In this action, plaintiff Continental Insurance Company ("Continental Insurance") seeks to recover from defendant Atlantic Casualty Insurance Company ("Atlantic Casualty") amounts that it paid under a homeowners insurance policy for a claim relating to a fire at a residence.  Continental Insurance previously brought an action against nonparty Wodraska Brothers, Inc. ("Wodraska Brothers"), alleging that it negligently installed the roof of the residence, causing the fire and the resulting damage.  Continental Insurance obtained default judgement against Wodraska Brothers, and now seeks to recover the amount of that judgment from Atlantic Casualty under a liability insurance contract between Atlantic Casualty and Wodraska Brothers.

  Atlantic Casualty now moves for the Court to hold nonparty Wodraska Brothers in contempt pursuant to Fed. R. Civ. P. 45(e).  For the reasons below, the motion is granted.

**BACKGROUND**

On March 18, 2008, Nixon Peabody LLP ("Nixon Peabody"), counsel for Atlantic Casualty, issued a subpoena to Wodraska Brothers on behalf of its client, commanding Wodraska Brothers to appear at Nixon Peabody's Manhattan offices on May 1, 2008 for a deposition. (Drewniak Aff. Ex. A). The subpoena, together with a $45 witness fee, was served on Wodraska Brothers at its place of business in New Rochelle, New York, on March 19, 2008. (Id. ¶ 4, Ex. B). The woman who accepted service on Wodraska Brothers's behalf refused to give her name, but identified herself as an "employee" of the company. (Id. Ex. B).

On both April 9 and 10, 2008, Nixon Peabody telephoned Wodraska Brothers to inquire whether someone would be appearing for the May 1, 2008 deposition. (Id. ¶ 5). Nixon Peabody was unable to reach anyone who could answer the question. (Id.). On April 10, 2008, Erik Drewniak, Esq., of Nixon Peabody wrote a letter to Wodraska Brothers inquiring whether it would appear at the deposition, and offering to reschedule the deposition if the proposed date was inconvenient. (Id. Ex. C).

On April 29, 2008, Drewniak again attempted to contact Wodraska Brothers by telephone to determine if someone would appear for the deposition. (Id. ¶ 6). No one answered the telephone, so Drewniak left a voice mail reminding them of the subpoena and deposition. (Id.). No one from Wodraska Brothers ever responded to the telephone calls, voice mail, or letter. (Id.).

On May 1, 2008, Wodraska Brothers failed to appear for the deposition at Nixon Peabody's Manhattan office. (Id. ¶ 7). No one from Wodraska Brothers contacted Nixon Peabody to explain the failure to appear or for any other reason. (Id. ¶ 8).

On June 16, 2008, Atlantic Casualty filed the instant motion for contempt against Wodraska Brothers pursuant to Fed. R. Civ. P. 45(e), requesting that the Court issue an order requiring Wodraska Brothers to comply with the subpoena. On July 17, 2008, I ordered Wodraska Brothers to either comply with the March 18, 2008 subpoena or respond to Atlantic Casualty's motion for contempt by July 27, 2008. The order provided that if Wodraska Brothers failed to comply with the subpoena or respond to the motion that the motion would be granted and I would hold Wodraska Brothers in contempt.

To date, Wodraska Brothers has not complied with the subpoena or responded to Atlantic Casualty's motion for contempt, in defiance of my order.

### DISCUSSION

Fed. R. Civ. P. 45(e) gives district courts the power to hold a nonparty in civil contempt if that nonparty, "having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e); see Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for imposition of sanctions against a nonparty for failure to comply with a subpoena. See Application of Sumar, 123 F.R.D. 467, 473

(S.D.N.Y. 1988). To impose sanctions on a nonparty, however, the violation of a court order is also generally required. See, e.g., PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (nonparty's failure to comply first with subpoena and then subsequent court order resulted in sanctions); Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994) (requiring a court order compelling discovery before sanctions could be imposed under Rule 45).

Here, Wodraska Brothers, despite being properly served, (1) failed to obey the subpoena by attending the deposition, (2) failed to oppose defendant's motion for contempt, (3) failed to comply with this Court's July 17, 2008 order, and (4) did not make a motion to quash or modify the subpoena.[1] Despite Nixon Peabody's repeated attempts to contact Wodraska Brothers, Wodraska Brothers has been completely unresponsive, ignoring what is required of it under the law. By failing to comply with the subpoena and defying my order, Wodraska Brothers has shown an utter disregard for the judicial process. Furthermore, Wodraska Brothers's violation of this Court's order provides grounds for imposing sanctions. See Sumar, 123 F.R.D. at 473 (when nonparty fails to object or comply with subpoena it may be held in contempt and sanctions may be imposed under Rule 45(e)).

---

[1] Rule 45(e) provides that a nonparty's failure to obey a subpoena may be excused if the subpoena purports to require that nonparty to attend or produce at a place more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person. It appears that Wodraska Brothers has no grounds for arguing that this exception applies, as its place of business is located in New Rochelle, New York, which is less than 100 miles from Nixon Peabody's Manhattan Office.

Accordingly, Atlantic Casualty's motion for contempt and for sanctions is granted. Atlantic Casualty shall submit a proposed order holding Wodraska Brothers in contempt and awarding sanctions; Atlantic Casualty shall set forth its actual costs incurred in its efforts to secure Wodraska Brothers's deposition by August 20, 2008, with an affidavit explaining its calculation.

SO ORDERED.

Dated:   New York, New York
         August 13, 2008

_____
DENNY CHIN
United States District Judge